with the amount of the judgment and costs, though that be greater than the sum which the precept of the writ required the officer to secure." See also, Searle v. Preston, 33 Maine, 214.

The written document upon which suit was instituted shows an agreement to pay 10 per cent. The mere fact that the affidavit says 6 per cent (a mere clerical error) after suit had been brought on the written agreement to pay 10 per cent, we think is no ground of error.

OPINION.—COOPER, J.:

The second plea to the attachment was rightly stricken from the files. It did not traverse the causes for which the writ had been prayed and ought to have been pleaded to the declaration and not to the attachment. The evidence supports the verdict and the judgment is

*Affirmed.*

---

WOLFE AARON et al. *v.* J. H. KELLER.

Suit on Open Account — Sec. 1627, Code of 1880 — Counter Affidavit.

The fact that the defendant did not file a counter affidavit when sued on an open account, to which affidavit has been made as provided by section 1627 of the Code of 1880, does not preclude him from interposing an affirmative defense in confession and avoidance.[1]

J. H. Keller brought suit in a justice of the peace court on an open account against Wolfe Aaron, to which an affidivit was made

---

1

"Any person desiring to institute suit upon any open account in any court of this State, having jurisdiction of the amount, may go before any justice of the peace of this State or any other State, or other officer authorized by law to administer oaths, and make affidavit to the correctness of such account, and that it is the duty from the party against whom it is charged, and in any suit upon such an account thus sworn to, the affidavit of the party in whose favor the account is stated, or his agent, made as aforesaid, and attached to the accounts, shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant shall make affidavit and file with his plea, that the account is not correct, particularizing wherein it is not

as provided by section 1627 of the Code of 1880, and the defend-ant appealed to the Circuit Court from a judgment against him. No counter affidavit was filed by the defendant. Plaintiff moved the court for a judgment against the defendant because the ac-count sued on was sworn to according to statue and the defendant had filed no counter affidavit. Defendant resisted the motion and insisted that the cause should be submitted to the jury for trial. The motion was sustained and judgment rendered for the plain-tiff. From that judgment defendant appeals.

correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of said account as the defendant by his affidavit shall not deny to be due; *provided,* that this shall not apply to accounts against decedents and suits against executors or administrators. A defendant desiring to use an open account as a set-off, shall be entitled to the benefit of this section." Code of 1880, § 1627; Code of 1892, § 1801; Code of 1906, § 1978.

The sole object of this statute is to dispense with proof of the correctness of an account sued on, except when the defendant, by his counter affidavit, denies it. Its only effect is to make the account to some extent an account stated. Bower *v.* Henshaw, 53 Miss. 345.

Under said section only such pleas as are intended to put in issue the correctness of the account sued on, or some of its items, are required to be supported by affidavit. Defendant, without an affidavit, may plead and show affirmative matter, such as payment. Bower *v.* Henshaw, 53 Miss. 345.

The statute furnishes a rule of evidence and not of pleading. It makes plaintiff's affidavit as to the correctness of an open account, when read at the trial, *prima facie* true. The counter affidavit destroys such presumption, and puts the plaintiff to proof of the correctness of the account. Reinhardt *v.* Carter, 49 Miss. 315.

A counter affidavit does not preclude the interposition of an affirmative defense in confession and avoidance. The statute provides a rule of evi-dence merely, and not of pleading. Aaron *v.* Podesta, 60 Miss. 82.

The statute is not applicable to actions *ex delicto.* Railroad Co. *v.* An-drews, 61 Miss. 474.

Where an account in suit is sworn to, and the plea is unaccompanied by an affidavit of denial, if the plaintiff fails to ask for a judgment, and does not object to defendant's testimony when offered, he waives his rights under the statute, and it is error then to instruct the jury to disregard the defendant's evidence. Bloom *v.* McGrath, 53 Miss. 249; Covel *v.* Smith, 68 Miss. 296; 8 So. 850.

While a counter affidavit may be filed for the first time in the Circuit Court on appeal, this will not be allowed if plaintiff, suing on a sworn account, has closed his evidence, and is then entitled to judgment. Rose *v.* Watson, 54 Miss. 673.

Where, in a suit on an open account duly sworn to, the defendant files

APPEALED from Circuit Court, Sharkey county, B. F. TRIMBLE, Judge.

Reversed and new trial awarded, November 6, 1882.

*Attorneys for appellant, Miller & Hirsh.*

*Attorneys for appellee, Frank Johnston.*

Brief of Miller & Hirsh:
The point raised in this case is precisely similar to that of Aaron *v.* Podesta, in which we have filed a brief and to which we now respectfully refer the court, as the decision must be the same in both cases.   The counsel are the same also.

The authorities relied on by appellant are:   Reinhardt *v.* Carter, 49 Miss. 315; Bower *v.* Henshaw, 53 Miss. 345.

(Aaron *v.* Podesta is reported in 60 Miss. 82.)

Memorandum of Brief by Frank Johnston:
This case presents the same state of facts as Aaron *v.* Podesta, No. 4069 (reported in 60 Miss. 82), in which a brief has been filed for appellee.

And I now refer to said case and brief in this case for appellee.

---

no counter affidavit, and the trial court improperly sustains his demurrer to the evidence, this court will reverse and give final judgment for the plaintiff.   Ware *v.* McQuillan, 54 Miss. 703.

In a suit on an open account sworn to under section 1627 of the Code of 1880, when defendant files a counter affidavit denying a material matter, the burden of proof is on the plaintiff and judgment should be rendered for the defendant unless plaintiff introduces proof to overcome the affidavit. Bailey & Rhodes *v.* Henry & Co., 1 Miss. Dec. 565, and note 2.

Code, section 1801, provides that an affidavit that an account sued on is correct and due, shall entitle plaintiff to judgment, unless defendant shall file a counter affidavit that the account is not correct, and specifying wherein it is incorrect.   *Held*, that a document filed by defendant, stating items of account apparently constituting a setoff, to which is appended the *jurat* of the justice, is not a counter affidavit, within section 1801, entitling defendant to impeach plaintiff's verified account.   Bonner *v.* White, 78 Miss. 653; 29 So. 402.

Where no counter affidavit denying the correctness of plaintiff's sworn account is filed by defendant, and defendant fails to offer any evidence supporting any affirmative defense, it is a sufficient submission of the case to the jury to peremptorily instruct them to find for plaintiff.   Bonner *v.* White, 78 Miss. 653; 29 So. 402.

OPINION.—COOPER, J.:

This case presents precisely a similar state of facts to those shown in the case of Wolfe Aaron et al. v. J. Podesta, this day decided, and for the reasons given in the opinion in that case, it is

*Reversed,* and a new trial awarded.

---

H. J. NeSmith v. Martha Patterson.·

**Ejectment — Plaintiff's Title — Evidence.**

> Plaintiff in an ejectment suit must show title in himself, and a verdict for plaintiff will be reversed if the evidence fails to show title to the land sued for was in the plaintiff.[1]

Ejectment by appellee against appellant. From a verdict and judgment for plaintiff, defendant appeals.

On the trial plaintiff introduced a deed to one Mrs. M. D. NeSmith, and claimed as her heir, showing that she died several

---

[1]

In an action of ejectment, the plaintiff must show his title good, as against the whole world, to entitle him to recover. Johnson v. Helm, 1 Miss. Dec. 170, and cases cited in notes.

The plaintiff must have a legal title at the commencement of the suit; an equitable title then, which afterward, and before trial, ripened into a legal title, will not do. Heard v. Baird, 40 Miss. 793.

His legal title must also continue till the trial. Torrance v. Betsy, 30 Miss. 129.

A complete and perfect equitable title will not do, though the beneficiary of a satisfied trust may defend as against the trustee holding the dry, naked legal title; yet the beneficiary cannot maintain ejectment on such a title. Heard v. Baird, 40 Miss. 793; Thompson v. Wheatley, 5 S. & M. 499.

While, as a general rule, a plaintiff in ejectment must recover solely on the strength of his own title against a mere intruder, he is not required to derange title, but may recover upon the strength of the former possession, from which he has been wrongfully ousted. Hicks v. Steigleman, 49 Miss. 377; Kerr v. Farish, 52 Miss. 101; Lum v. Reed, 53 Miss. 73.

One who has recovered in ejectment against a tenant, the landlord having no notice, and who enters by attornment of the tenant, may hold possession